IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. NABOURS,

    Petitioner,

v.                                                                 Civ. 12-426 RB/GBW

CHRISTOPHER BARELA,

    Respondent.

## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). *Doc. 1.* On April 24, 2012, the presiding judge in this case, Honorable Robert C. Brack, referred this case to me for proposed findings and a recommended disposition. *Doc. 3.* Since then, the matter has been fully briefed and I am fully advised. *See doc. 7.* Because Petitioner has not exhausted state review of his claim, I recommend that the Petition be dismissed without prejudice.

### *Background*

On August 25, 2010, Petitioner pled guilty in the New Mexico Third Judicial District Court to two counts of burglary of a vehicle and one count of conspiracy to commit burglary of a vehicle. *Doc. 7* ¶ 2. Thereafter, the trial court adjudged Petitioner guilty and ordered that his sentence be deferred for a period of three years, during which time Petitioner would be under probation. *See generally doc. 7* Ex. A.

On January 5, 2012, the State of New Mexico petitioned the trial court to revoke Petitioner's probation based upon Petitioner's alleged commission of other crimes – a violation of the terms of his release. *Id.* Ex. E. Petitioner admitted the violation and was sentenced to three concurrent terms of eighteen months' imprisonment followed by three concurrent one-year terms of parole. *Id.* Ex. F. Petitioner did not file an appeal of his conviction or sentence. *Doc. 1* at 3-4.

On April 23, 2012, Petitioner filed a habeas petition in this Court. *Doc. 1.* The pleading is entitled "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241." *Id.* at 1. He argues that the sentence imposed upon him exceeded the maximum allowable sentence. *Id.* at 4. Petitioner explicitly states that he is "challenging [the] validity of my conviction or sentence as imposed." *Id.* at 2; *see also id*. at 4 ("Yes I am challenging the validity of my conviction or sentence as imposed."). As such, I will construe his petition as being brought under 28 U.S.C. § 2254 rather than § 2241. *See McIntosh v. United States Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas … proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

## *Analysis*

This court may consider a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28

U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(b)(1), a federal court may not grant a state prisoner's petition for a writ of habeas corpus unless: (1) "the applicant has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). In order to exhaust a claim, a petitioner must provide the state courts with "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . ." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium) (internal quotations omitted). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Petitioner concedes that he has not raised this issue before the state court on direct appeal or through state habeas proceedings. *Doc. 1* at 3-4. Petitioner asserts nothing about the state procedures which establish an exception to the exhaustion requirement. While Petitioner claims that he has been unable to appeal due to his counsel's refusal to contact him, such a claim can be raised in a state habeas petition. As Respondent notes, the failure of trial counsel to file a notice of appeal when a defendant wishes to appeal constitutes ineffective assistance of counsel for which the state court will provide a remedy. *See State v. Duran*, 105 N.M. 231, 232 (Ct. App. 1986). Moreover, no time limitation is imposed on filing such a claim.

*Conclusion*

Petitioner has neither exhausted his claim nor established that his claim is excused from the exhaustion requirement.  As such, this Court cannot grant the relief Petitioner seeks.  Thus, the Petition should be dismissed without prejudice.

Wherefore, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (*doc. 1*), be **DENIED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE